UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

ANDRES RODRIGUEZ

    Plaintiff,

v.

THE NEW YORK YANKEES TAMPA
FOUNDATION, INC.
a/k/a THE NEW YORK YANKEES, LP

    Defendant,
_____/

## **COMPLAINT**

The Plaintiff ANDRES RODRIGUEZ, by and through undersigned counsel, hereby sues Defendant THE NEW YORK YANKEES TAMPA FOUNDATION, INC. a/k/a THE NEW YORK YANKEES, LP, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff ANDRES RODRIGUEZ under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to Plaintiff by the Defendant's discriminatory treatment based on his Age.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00 exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Tampa, Hillsborough County, within the jurisdiction of this Honorable Court.

## PARTIES

6. The Plaintiff ANDRES RODRIGUEZ is a resident of Tampa- Hillsborough County, who was employed by the Defendant and is a member of certain protected classes of persons because of his Age.

7. Corporate Defendant THE NEW YORK YANKEES TAMPA FOUNDATION, INC. a/k/a THE NEW YORK YANKEES, LP (hereinafter, "THE NEW YORK YANKEES", or Defendant), is a profit corporation authorized to conduct business in the State of Florida, in Tampa- Hillsborough County, Florida, and within the jurisdiction of this Court.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## PROCEDURAL REQUIREMENTS

9. All conditions precedent for this action has been fulfilled. On or about August 06, 2019, Plaintiff ANDRES RODRIGUEZ dual-filed his Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about October 03, 2019, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. The Plaintiff received such document on or about October 10, 2019. Consequently, the present Complaint is being filed within 90 days from Plaintiff's receipt of the "Dismissal and Notice of Rights" *See composite Exhibit "A."*

## STATEMENT OF FACTS

10. The Plaintiff ANDRES RODRIGUEZ Plaintiff is a 65 years old male of Cuban National Origin. Plaintiff ANDRES RODRIGUEZ is a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, because of his Age, and because of his participation in protected activities within the meaning of federal and state law.

11. The Defendant, THE NEW YORK YANKEES is an enterprise operating and promoting professional and semi-professional athletic clubs and events.

12. Defendant THE NEW YORK YANKEES, hired Plaintiff ANDRES RODRIGUEZ as a maintenance employee to work at George M. Steinbrenner Field located at 1 Steinbrenner Drive, Tampa, FL 33614.

13. The Plaintiff was a full-time, hourly employee. At the time of his termination, Plaintiff's wage-rate was $12.30 an hour.

14. The Plaintiff worked from January 19, 2014, until March 26, 2019, date in which he was fired. Plaintiff worked for Defendant a total of 5 years plus 2 months.

15. Throughout his employment with the Defendant, the Plaintiff performed his duties in an exemplary fashion. The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy.

16. Plaintiff enjoyed his work, he had good work ethics, he always put his best effort to please his superiors and he always completed every task assigned to him promptly.

17. However, during his employment with Defendant, the Plaintiff experienced unlawful discrimination and harassment on basis of his Age.

18. The Plaintiff did not have any problem until 2015 after VP/chief international officer Felix Lopez, who ran the operations for George M. Steinbrenner Field left and some administration changes occurred.

19. After Felix Lopez left, the Plaintiff began to suffer discriminatory treatment on the basis of his Age, at the hands of Maintenance Manager Ronnie Craftman.

20. Manager Ronnie Craftman began to harass Plaintiff with unwelcome remarks about his age. Manager Ronnie Craftman frequently asked Plaintiff about how old he was, and when he was going to retire.

21. The Plaintiff tried to cope with the harassment and calmly answered his manager that he was not in position to retire yet.

22. Manager Ronnie Craftsman discriminated against Plaintiff on the basis of his Age. The Plaintiff was at the time 61 years old, but for the Manager, the Plaintiff was too old for maintenance work.

23. As time went by, the unlawful harassment escalated, and the manager began to take adverse employment actions against Plaintiff.

24. Manager Ronnie Craftman assigned Plaintiff the most difficult and dirty jobs, he applied to Plaintiff a despotic treatment, he subjected Plaintiff to an excessive surveillance and job scrutiny, and he monitored every movement or activity of Plaintiff.

25. The Manager Ronnie Craftman favored two younger employees, Kevin Brown and Matt Nixon who spied on Plaintiff, taking pictures of him, and reporting every activity of Plaintiff to Manager Ronnie Craftman.

26. The Plaintiff was unfairly disciplined, admonished, humiliated, and he was blamed for anything that went wrong at work. Many times, Plaintiff was admonished for trivial things like going to the bathroom or take a few minutes to drink water.

27. Co-workers Kevin Brown and Matt Nixon harassed Plaintiff, they supervised the Plaintiff's work and they constantly caused all kinds of conflicts to him.

28. During 2016, 2017, 2018 and the beginning of 2019, the Plaintiff suffered an abusive and disrespectful treatment at the hands of Manager Ronnie Craftman and his subordinates Kevin Brown and Matt Nixon.

29. Manager Ronnie Craftman continued harassing Plaintiff requesting him to retire, and telling Plaintiff: "You are too old to work here", "You should stay at home", "It's is time for you to retire", "Pack and go home". The Plaintiff knew that

Manager Ronnie Craftman wanted to get rid of him, causing his voluntary resignation.

30. The frequent comments regarding the Plaintiff's Age and the harsh treatment received caused Plaintiff to live with anxiety and in fear of losing his job. The undue stress caused by the harassment, triggered spikes in Plaintiff's blood pressure, he felt sick, and he had to take some medicine.

31. The Plaintiff felt harassed, unwelcome, uncomfortable, humiliated in his place of work. The Plaintiff perceived his work environment as hostile and intimidating.

32. The Plaintiff could not afford to lose his job and he did not complain to Human Resources, but he opposed the conduct of Manager Ronnie Craftman and confronted him directly many times.

33. The Plaintiff also complained multiple times verbally, in person, about the illegal conduct of Manager Ronnie Craftman to VP Dean Holster, who ran the operations for George M. Steinbrenner Field.

34. These complaints constituted protected activity under Federal and State law.

35. The Defendant never opened an investigation about the harassment and Age discrimination alleged by Plaintiff, and after each complaint Plaintiff suffered more harassment.

36. Therefore, the Plaintiff continued working very hard without any further complaints and suffering the harassment and hostile working environment because of his Age.

37. Manager Ronnie Craftman frequently threatened Plaintiff with the reduction of his working hours and with sending him to work the night shift. In fact, the Plaintiff was changed to the night shift for a period of 6 or 7 months during 2017.

38. On or about March 26, 2019, VP Dean Holster fired Plaintiff using pretextual reasons. On that date, the Plaintiff was escorted out of the premises in front of all his co-workers, causing him great humiliation and embarrassment.

39. The Plaintiff felt devastated he could not believe that he was being fired just because of his age. VP Dean Holster did not pay attention to Plaintiff's complaints and just ratified Plaintiff's firing and gave him pretextual reasons for his termination.

40. At the time of his firing Plaintiff was 65 years old, and he was the oldest maintenance employee working at THE NEW YORK YANKEES Stadium in Tampa, FL.

41. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged. The Plaintiff suffered serious economic losses as well as mental pain and suffering, which was detrimental to Plaintiff's health.

42. The Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unlawful discrimination and harassment in violation of both Federal and State Laws.

**COUNT I:**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE**

43. Plaintiff ANDRES RODRIGUEZ re-adopts every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

44. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

45. Defendant THE NEW YORK YANKEES, hired Plaintiff ANDRES RODRIGUEZ as a maintenance employee to work at George M. Steinbrenner Field located at 1 Steinbrenner Drive, Tampa, FL 33614.

46. The Plaintiff was a full-time, hourly employee. At the time of his termination, Plaintiff's wage-rate was $12.30 an hour.

47. The Plaintiff worked from January 19, 2014, until March 26, 2019, date in which he was fired. Plaintiff worked for Defendant a total of 5 years plus 2 months.

48. At all times material hereto, the Employer/Defendant THE NEW YORK YANKEES failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq.*, as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

49. The discrimination of Plaintiff by Defendant was caused by the Defendant being aware of Plaintiff's age, to wit: 65 years of age at the time of his termination.

50. The discrimination of Plaintiff ANDRES RODRIGUEZ by Defendant THE NEW YORK YANKEES was caused by the Defendant being aware of Plaintiff's Age.

51. At all relevant times aforementioned, including the time of discrimination, the Defendant was aware that Plaintiff ANDRES RODRIGUEZ was 65 years old.

52. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant. The Plaintiff was qualified for the position apart from his apparent Age.

53. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

54. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

55. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

56. The Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 65 years old, in violation of the Act.

57. At the time of the Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

58. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant THE NEW YORK YANKEES is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age and complaints related to the unlawful acts of discrimination and harassment.

59. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination based on Age constitutes unlawful discrimination.

60. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

61. Defendant, THE NEW YORK YANKEES is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, hostile working environment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

62. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANDRES RODRIGUEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant THE NEW YORK YANKEES its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant THE NEW YORK YANKEES to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff ANDRES RODRIGUEZ demands a trial by jury on all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON AGE

63. Plaintiff ANDRES RODRIGUEZ re-adopts every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

64. Plaintiff is a member of a protected class under Title VII, and the Florida Civil Rights Act because of his Age, within the meaning of the Florida Civil Rights Act.

65. Defendant THE NEW YORK YANKEES employed Plaintiff ANDRES RODRIGUEZ as a maintenance employee form on or about January 19, 2014, to March 26, 2019, or more 5 years plus 2 months.

66. At all times material hereto, the Employer/Defendant THE NEW YORK YANKEES failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states:

*"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual*

*with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.*

67. The discrimination and termination of Plaintiff ANDRES RODRIGUEZ by Defendant were based on Plaintiff being 65 years old.

68. The Discrimination and Harassment of Plaintiff ANDRES RODRIGUEZ by Defendant THE NEW YORK YANKEES was caused by the Defendant being aware of Plaintiff's Age.

69. The Plaintiff was harassed and discriminated because of his Age, he suffered discriminatory treatment, hostile working environment, retaliation, and finally he was terminated.

70. At all relevant times, including the time of the employment termination of Plaintiff, Defendant, was aware that Plaintiff was 65 years old.

71. At the time of the Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

72. The Plaintiff was well qualified for the position.

73. The Plaintiff was fired by Defendant and Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his Age, in violation of Florida Statute Section 760.

74. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

75. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, his Age.

76. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital status.

77. The actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

78. Defendant THE NEW YORK YANKEES is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the Discrimination, Harassment to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

79. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANDRES RODRIGUEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant THE NEW YORK YANKEES, its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his Age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff ANDRES RODRIGUEZ demands a trial by jury on all issues triable as of right by a jury.

Dated:  December 31, 2019

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*